Mr. Justice Walker delivered the opinion of the Court. This is an action of ejectment, brought by the plaintiffs as heirs at law of Benjamin Burriss, Henry D. Burriss, and Appleton E. Burriss, deceased, against the defendants, for the recovery of two quarter sections of land. The first question which is presented by the record for our consideration is the sufficiency of the first plea in abatement filed by the defendant Preston. The plea is, in substance, that none of the plaintiffs except George W. Burriss have any interest or title in the lands in suit, for the reason that after the death of Benjamin Burriss, by the report of commissioners appointed by order of the county court of Phillips county, to make division and allotment amongst the heirs of Benjamin Burriss, deceased, according to the provisions of the last will and testament of said Benjamin, said commissioners allotted the northeast quarter of said tract to the plaintiff William B. Burriss, and the north-west quarter section of said land to the plaintiff George W. Burriss, which allotment was reported to said court, and approved and ordered to be made part of the records thereof: that said William B. Burriss by deed conveyed his quarter section to one Betsy Burriss. Upon first view of this plea a doubt might arise whether it was not defective for duplicity; but, upon a more careful examination of it, we are of opinion that it contains but one cause in abatement, misjoinder of parties. The fact disclosed that there is a party in interest not named in the writ, is indispensably necessary in order to give the plaintiff a better writ. This could only be done by stating truly in whom the right of action existed, and, for this purpose, it was an indispensably necessary disclosure in order to the validity of his plea of misjoinder. True the facts disclosed would have entitled the party, had he desired to do so, to have interposed a plea of non-joinder; but it does not follow because these facts appear without an attempt by the defendant to set them up as a distinct ground of defence, that they must be so considered. The next objection to the sufficiency of the plea is, that it does aver facts sufficient to show that the legal right of action is in the two, who, it is averred, have the sole legal right of action in this cause. The rule of pleading in abatement is: “ That in all matters particularly within the knowledge of the defendant pleading, and which must tend to give a better writ, ought to be set forth in the plea. But as applying to matters within the knowledge of the plaintiff, the rule ought not to be extended.” 1 Chit. Pl. 457. The facts in this case, as to the proper parties in interest and their chain of title, so far as regards the true plaintiffs in interest upon the record, are presumed to be most properly within the knowledge of the plaintiffs : and the defendants are relieved under this rule from the responsibility of setting forth such facts as would show title in such plaintiff. The plaintiffs, by uniting with him and presenting him of record as a party in interest, ought not to object if the defendants simply acquiesce in it and so represent him also. But not so with regard to Betsy Burriss, who was not joined in the suit. She is a new party in regard to whose title the plaintiffs are to be presumed ignorant, and they should have set forth such facts in their plea as would have apprised the plaintiffs of the title under which she claimed. This, we think, is not sufficiently done. In the first place the plea represents the plaintiffs as claiming as heirs at law of three persons deceased; without notice to the parties interested, or any preliminary steps, it avers an order appointing commissioners to divide the land according to the provisions of the will of Benjamin Burriss. These commissioners reported that they had divided the land and set apart a distinct tract to William B. Burriss and the other tract to George W. Burriss, of one of whom Betsy Burriss claims to have purchased. Now there is an utter repugnancy and inconsistency between the allegation that the title is in George W. Burriss and Betsy Burriss, as heirs at law of Benjamin Burriss, deceased, Henry D. Burriss, deceased, and Appleton E. Burriss, deceased, and the title disclosed in the plea. If these two have the exclusive right of action in this case, (and to have it they must have the whole legal title,) they acquire it, according to their own showing, not as heirs of the three persons deceased, but as devisees of Benjamin Burriss. The plea does not disclose the fact, but if as matter of conjecture we suppose that Benjamin Burriss devised these lands to them jointly, no legal division of it appears to have been made. An order appointing commissioners without petition or notice is void. Nor does the mere affirmance of the report without decree of title or deed by commissioners vest in the two a title to the respective tracts set apart to them. If this be true, it is evident that Betsy Burriss, who purchased of one of them, could not acquire such legal title as would enable her to maintain a joint action with George W. Burriss for the land. Her deed only covered one quarter section of the land, and, as we have said, the division without decree or deed conveyed no separate legal title; it follows that William B. Burriss had no exclusive title to the land, and could convey none to Betsy Burriss. As regards the other tract in suit, she has by her deed no shadow of title. But conceding every thing contended for in the plea, and that George W. Burriss has the legal title to one quarter section, and Betsy Burriss has title to the other quarter section, -this title will not sustain the allegation in the plea that the right of action is in these two as heirs at law oi three persons deceased. It is a well .established principle of law that persons having a separate and. distinct right of action to distinct tracts of land cannot join in a suit to recover them. (Green, vs. Siter, 8 Cranch 229. 3 Cond. R. 97.) So that in every point of view in which this plea may he considered, we deem it insufficient. Issue having been taken on-the other pleas of defendant Preston, and defendant Gervais having filed his plea of not guilty, to which issue was joined; two of the plaintiffs, in their own proper persons, came into court and filed and entered their formal re-traxit, which retraxit separately filed each for himself, is as follows : “ And the said plaintiff, Love M. Harris,-comes into open court here, in his own proper person, and enters his retraxit in the above suit, and voluntarilyrenounces all right, title and interest whatsoever he has, or may have, against the said defendants, John Preston, Jr. and John L. Gervais, in the above suit. (Signed) Love M. Harris.” A similar retraxit having been filed by the other plaintiff, judgment was rendered against them in favor of the defendants. The legal effect of this very unusual proceeding we will next proceed to consider. But few modern authorities have been found on the subject, and they do but little more than recognize and re-affirm the doctrine as .it has been settled by the English authorities, amongst the earliest of which and a leading caséis Beecher’s Case, reported in 8 Co. Rep., p. 117. It'is there said that “ Retraxit is a voluntary acknowledgment that the plaintiff hath no cause of action, and therefore will no further proceed, which operates as a bar forever.” The doctrine thus laid down is recognized in the English courts, and is re-affirmed by the United. States courts. The court, in de-liveringthe opinion in Minor vs. The Mech. Bk. of Alexandria, 1 Peters Rep. 74, say that “ a retraxit operates as a full release and discharge of the action, and is a bar to any further action or suit.” The authorities on this subject, although not numerous, are perfectly harmonious, and clearly and distinctly declare the legal effect of the retraxit to be a present and perpetual release, surrender, and abandonment, of all right of action in the subject matter in dispute; so that at no subsequent period can he, in any form of action, contest with the defendant his right or title to the possession or property in suit. It is a question of much doubt, under such circumstances, what becomes of the legal title in such cases. Can it be said to exist in one who has not the power to assert it? and if not the power to assert it himself, most clearly he cannot convey it to one who can.. His grantee can derive by the grant no greater power than his grantor possessed, and it is equally clear that, if he cannot assert his title against the defendant in whose favor he has retracted, he cannot against any one who may take under him. In the absence of any adjudicated case in point, (as it is not indispensably necessary to the determination of this case to do so,) we will not undertake to decide that the retractor has by his act divested himself of every vestige of .title which he possessed; but whatever title may remain in him is evidently so restricted by the retraxit as to place it beyond the power of the retractor or his assigns to set up or assert his claim against the defendant or any one who may hold under him. The plaintiffs had a right to be heard on the plea interposed by defendant Gervais. In actions ex delicto judgment may be rendered against one defendant even though the other be acquitted. Gervais had withdrawn from the plea in abatement with Preston by pleading over to the action; and, whether the-plaintiffs were bound to reply to Preston’s plea in abatement or not, the court could not force the plaintiffs to a peremptory non-suit, or take judgment against them for refusing to take issue on that plea. This was in effect anticipating the difficulties into which the plaintiffs were plunged by the acts of those who had surrendered all further right of action to the defendants. The plaintiffs had a right to elect their course, and should have been permitted to do so. The counsel for the defendants have presented, for our consideration, the question whether, after two of the plaintiffs have renounced all right of action in this case, present and future, against the defendants, they can after their retraxit join in a writ of error and prosecute the same. Upon this question we have found but one authority in point, which fully goes to sustain the doctrine that they cannot; and even in the absence of all authority, it is utterly at variance with the legal effect of the re-graxit to permit them to do so. But this question comes too late to avail the defendants any thing in the present state of the issue. Had a plea been interposed to the writ for that cause before join-der in errors the question would have been properly before us. The judgment of the Circuit-Court is reversed with costs, and the cause remanded.